UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-cr-127 JNE/LIB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AARON LEE BOSHEY,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Aaron Lee Boshey (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2).

2. **Factual Basis.** The defendant is a felon. He was convicted in Carlton County District Court, State of Minnesota, with the felony crime of Controlled Substance Crime in the Third Degree. The date of conviction/sentencing was November 13, 2015. On November 20, 2016, in St. Louis County, in the State and District of Minnesota, the defendant possessed an Astra .38 special revolver (SN R237527). The Astra revolver was manufactured in the Kingdom of Spain. The defendant was the subject of a felony

SCANNED
JUL 05 2017
U.S. DISTRICT COURT MPLS

warrant. When law enforcement officers attempted to stop the defendant he fled in a motor vehicle. At the end of the pursuit, the defendant fled out of the vehicle on foot. Law enforcement saw the defendant with the revolver in his hand. In the vehicle driven by the defendant were two other firearms: A Ruger Model 10/22 rifle (SN 234-37966) and Remington 30.06 Model 7400 rifle (SN 8191291). The defendant also admits that he was in possession of controlled substances at the time of his arrest.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

4. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum of 10 years' imprisonment;
    b. a supervised release term up to 3 years;
    c. a fine of up to $250,000; and,
    d. a mandatory special assessment of $100;

5. **Revocation of Supervised Release.** The defendant understands that if defendant were to violate any condition of supervised release, defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583

6. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement

2

should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    Base Offense Level. The parties agree that the base offense level for Felon in Possession of a Firearm is 14. (U.S.S.G. § 2K2.1.(a)(6)(A)). The defendant has a prior conviction for a Controlled Substance Crime in the Third Degree.

    b.    Specific Offense Characteristics. The parties agree that the offense level should be increased by 4 levels, because the defendant possessed a firearm in connection with another felony offense, possession of a controlled substance. (U.S.S.G. § 2K2.1.(b)(6)(B)). The parties also agree that the offense level should be increased by 2 levels because of reckless endangerment during flight from law enforcement. (U.S.S.G. § 3C1.2.). The parties agree that no other specific offense characteristics apply.

    c.    Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 3 level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. §3E1.1).

    f.    Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is IV. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

    g.    Guideline Range. If the offense level is 20, and the criminal history category is IV, the Sentencing Guidelines range is 51-63 months of imprisonment. If the offense level is 17, and the criminal history category is IV, the Sentencing Guidelines range is 37-46 months of imprisonment.

    h.    Fine Range. If the adjusted offense level is 17, the fine range is $10,000 to $95,000. (U.S.S.G. § 5E1.2(c)(3)).

    i.    Supervised Release. The Sentencing Guidelines require a term of supervised release of 1 to 3 years. (U.S.S.G § 2D1.2(a)(2)).

    j.    Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

7.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8.    **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees that the special assessment is due and payable at the time of sentencing.

9.    **Forfeiture.** The defendant agrees to forfeit to the United States any and all interests in the firearms and ammunition that he possessed: The Astra .38 special revolver (SN R237527), the Ruger 10/22 rifle (SN 234-37966) and the Remington Model 7400 30.06 rifle (SN 8191291) and the ammunition.

10.   **Complete Agreement.** This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 30 June 2017

GREGORY G. BROOKER
Acting United States Attorney

BY: CLIFFORD B. WARDLAW,
Assistant U.S. Attorney

Date: 6/30/17

Aaron Lee Boshey
Defendant

Date: 6/30/17

Kevin Cornwell
Counsel for Defendant

5