IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No. CR17-127 (JNE/LIB)

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AARON LEE BOSHEY,

        Defendant.

**POSITION PLEADING OF
AARON LEE BOSHEY**

_____

      The defendant, Aaron Lee Boshey, by and through his attorney, Kevin C. Cornwell, hereby submits his position regarding sentencing taking into consideration the sentencing guidelines advisory range and relevant sentencing factors under 18 U.S.C. §3553(a):

    **A.**    **The Presentence Investigation Report.**

      Mr. Boshey objects to paragraph 17 of the PSR dated September 17, 2017, to the extent that it states that a two-level enhancement should apply for the possession of three to seven firearms.

      Mr. Boshey objects to paragraph 136 of the PSI to the extent it concludes that his criminal history category under-represents the seriousness of his criminal history or the likelihood that he will commit additional crimes.

    **B.**    **The Applicable Guideline Range.**

      The PSR incorrectly calculates Mr. Boshey's applicable guideline range. Mr. Boshey asserts that his total adjusted offense level is 17 (20-3) and coupled with his criminal history category of V, his guideline range is 46-57 months.

1

# I.  INTRODUCTION

On May 16, 2017, Aaron Lee Boshey was indicted by a federal grand jury of Felon in Possession of a Firearm.  On June 30, 2017, Mr. Boshey appeared before this Court and entered his plea of guilty to the sole count in the Indictment.

The U.S. Probation Office ("Probation") has completed a Pre-Sentence Report ("PSR") in this case.  For the reasons stated above, Mr. Boshey asserts that the PSR incorrectly calculates his advisory guideline range and that his proper range is 46-57 months.

Mr. Boshey respectfully submits that consideration of the relevant statutory sentencing factors under 18 U.S.C. § 3553(a) warrants a sentence of 46 months.

## II. APPLICATION OF THE STATUTORY SENTENCING FACTORS

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary:

1.  **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

    **(a)  Nature and Circumstances of Offense**

    Certainly, any criminal offense is a serious matter.  Mr. Boshey's conduct is inexcusable.  This offense, however, involved a small number of firearms and no one, other than Mr. Boshey, was hurt as a result of his possession of the two firearms.

    **(b)  History and Characteristics of Mr. Goodwin**

    Mr. Boshey's personal history is one that describes a person who, for most of his life, has lived an extremely transient lifestyle with no real positive adult influences in it.

From ages 8 to 10, Mr. Boshey lived with an extremely abusive foster care family. He described being beaten two or three times per week, often with a belt. On one occasion when he bumped into his foster mother, he was beaten, forced to take a cold shower, and ordered to stand on one foot all night in the basement. He also described being forced to eat his own vomit. ¶ 94 of PSR. After being removed from foster care, Mr. Boshey briefly lived with his father, and then moved in with his uncle and, ultimately, his grandfather until he was 15. Since then, he has moved around between family members and friends. Mr. Boshey does continue to have a relationship with his father, Dale Boshey and plans to live with his father upon release from prison.

Mr. Boshey attempted to enroll himself in Virginia High School but was "expelled" because he signed the enrollment forms instead of a parent or guardian. Given the choice of attending an alternative school, which provided him with little educational value or no school, he chose to drop out in 9th grade. To his credit, Mr. Boshey was able to obtain his GED in 2008. He attended Mesabi Range College in Virginia, Minnesota from 2009 to 2011 and earned a certificate in masonry in May of 2010 and a Wilderness and Forest Fires certification from the Minnesota DNR in 2011. ¶ 110 of PSR.

Not surprisingly, Mr. Boshey describes his struggles with chemical dependency issues. He began drinking and using marijuana at 10, but didn't start using daily until he was 18. Leading up to his arrest for this offense, he was using methamphetamine and heroin on a daily basis. ¶ ¶ 105, 106 of PSR. Unfortunately, his only attempts at treatment were as a juvenile in 2001 and 2005. It is clear, that any chance of Mr. Boshey making positive life changes will be tied to his participation in and successful completion

of chemical dependency treatment. His life-long sobriety is critical.

Although Mr. Boshey denies any psychological issues (¶ 103 of PSR), his significant other believes that he has never addressed the horrible treatment he was subjected to as a child in foster care. In addition, she offers that his anger issues and, to a large extent, his criminal behavior are directly tied to his alcohol and drug usage. ¶ 101 of PSR. She describes him as a "loving" person who is "protective of others" when he is not using drugs or alcohol. If he is to ever turn his life around, it will be imperative that he undergoes treatment that will address his chemical dependency issues and perhaps, deep-seeded mental health issues.

**2.    The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

### (a)    To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

As stated already, any criminal offense is a serious matter. Mr. Boshey cannot and does not offer excuses for his conduct. The offense, however, is a possession offense and not, by definition, a violent offense. With respect to the issue of just punishment, even a sentence of 46 months will put Mr. Boshey into an environment that is extremely harsh. A sentence of 46 months, given the non-violent nature of his particular offense of conviction, is certainly just punishment.

### (b)    To afford adequate deterrence to criminal conduct.

It is always difficult to assess the general deterrent effect of our sentencing practices both in state and federal court. If our state and national crime and incarceration rates are the only measuring sticks, then it can be argued that sentencing practices have very little general deterrent impact.

As for specific deterrence, it is Mr. Boshey himself who will have to make the many changes necessary in order for him to succeed upon his release. A lengthier sentence will not make it any more likely that he will become a law-abiding citizen once his prison sentence is complete. In fact, it could be argued that the longer he spends incarcerated the more likely he will be to reoffend. In the end, it will be up to Mr. Boshey to internalize any deterrent effect this Court's sentence is to have upon him.

**(c)     To protect the public from further crimes of the defendant.**

Admittedly, Mr. Boshey's criminal history is significant. Again, it will be up to Mr. Boshey to take advantage of the programming that the Bureau of Prisons will make available to him, whether vocational related or mental health and chemical dependency related. It will not be an easy path for him. A sentence of 46 months will be long enough for him to complete the programming that will be critical to changing his behavior.

**(d)     To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Boshey should be able to enroll in and complete chemical dependency treatment while in custody. He reports never having completed treatment as an adult. He does have some vocational training (masonry) and, perhaps, could augment that training as well. Although this Court can only recommend to the Bureau of Prisons that he be provided the opportunity to participate in the 500-hour RDAP program, it is something that Mr. Boshey would benefit from greatly.

**3.     The Kinds of Sentences Available**

No statutory mandatory minimum sentence applies in Mr. Boshey's case. Statutorily, the Court has the discretion to sentence him to anything from probation to

120 months in prison. On the other hand, the advisory guidelines do not authorize the imposition of probation because the applicable guideline range is in Zone D of the Sentencing Table.

Given his prior history as well as the circumstances of the current offense, Mr. Boshey recognizes that the imposition of probation is not a realistic expectation. He is not asking for it. He is simply asking the Court to impose a sentence of 46 months.

**4.     The Sentencing Range Established by the Sentencing Commission**

Mr. Boshey submits that the sentencing range established by the Sentencing Commission is 46 to 57 months and is found in Zone D of the Sentencing Table.

**5.     The Need to Avoid Unwarranted Disparities**

Without information regarding how similarly situated persons have been sentenced, it is difficult to address this concern. Certainly, however, the imposition of a within advisory range sentence should not be a sentence that would represent an unwarranted disparity in sentencing practice.

**6.     The Need to Provide Restitution to any Victims of the Offense**

It appears as if restitution is not applicable in this case.

### Conclusion

For the foregoing reasons, Mr. Boshey respectfully submits that the imposition of a sentence of 46 months will best address and balance all of the relevant statutory sentencing factors.

Dated: October 11, 2017                                    Respectfully submitted,

                                                                              **s/Kevin C. Cornwell**
                                                                              Kevin C. Cornwell, #023767X

Attorney for Mr. Boshey
102 S. 29th Ave. W
Suite 206
Duluth, MN 55806
(218) 625-3034