UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-127 (JNE/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING** |
| v. | |
| AARON LEE BOSHEY, | |
| Defendant. | |

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Clifford B. Wardlaw, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Aaron Lee Boshey.

The United States has had the opportunity to review the final Pre-Sentence Report and notes that there are differences in the PSR and the Plea Agreement. The United States will defend the position taken in the Plea Agreement. There is a 2-level adjustment for the number of firearms. The parties considered this adjustment and agreed that under the facts of the case the adjustment was not warranted. The defendant borrowed a car which contained a (30.06) deer rifle in the trunk. The defendant did not know that the deer rifle was in the trunk.

The final criminal history was higher than that which was calculated by the parties. The criminal history in the PSR is correct. The final U.S. Sentencing Guidelines range for an offense level of 17 and a criminal history of V is 46-57 months' imprisonment. The

United States will argue for a term of 46 months. A term of 46 months will meet the statutory sentencing factors found in Title 18, United States Code, Section 3553(a).

The United States will move the Court to grant a third point for acceptance of responsibility. The final offense level should be 17.

The first step in the sentencing procedure is to properly calculate the guidelines range. See generally Gall v. United States, 552 U.S. 38(2007). The United States believes that the two level adjustment for the number of firearms is not warranted. The defendant borrowed the car not knowing the deer rifle was in the trunk. The next step is to consider the statutory sentencing factors set out in § 3553(a). See United States v. Ravensborg, 776 F.3d 587(8th Cir. 2015). The test of a proper sentence is a test of reasonableness after considering all of the relevant factors in the case. Id.

In United States v. Yahnke, 395 F.3d 823, 825 (8th Cir. 2005), this Court held, "After Booker, this Court determines whether a sentence is unreasonable based on the factors in Section 3553(a)." United States Code, Title 18, Section 3553(a) provides in part, as follows:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed;
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>> (B) to afford adequate deterrence to criminal conduct;

>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (6) the need to provide restitution to any victims of the offense.

The United States will focus on the serious nature of the offense. PSR ¶¶ 5-9. The Court should send the defendant to prison because he committed a very serious crime. The combination of drugs and firearms can be deadly. The defendant is a convicted felon who knew the consequences of possessing a firearm. His criminal history and the status of his license (canceled) is known to the law enforcement community in St. Louis County, MN. The defendant was observed in the present case at a gas station. The deputy sheriff knew that he had a felony warrant and tried to stop the defendant, who fled. The defendant, whom has a history of fleeing the police, decided that fleeing was the appropriate response to a traffic stop. His decision to flee put not only his life at risk it also put the police officers and the lives of the general public at risk as well. After the vehicle chase ended the defendant continued to flee on foot and exited the vehicle with a firearm. Law enforcement shot the defendant who continued to flee, running into the woods. The defendant was shot

in the hand and buttocks. Id. He was lucky he wasn't killed. PSR ¶ 6. Methamphetamine was found in the car. PSR ¶ 7. The revolver that he had in his lap was recovered at the scene. Id.

The first important statutory factor is the defendant's long history of delinquent and criminal behavior. He has not even reached his 30th birthday. The defendant started breaking the law at 16 years of age when he started committing burglaries and auto thefts. PSR ¶¶ 31-35. When the defendant was put on probation there were stipulations which addressed his chemical dependency and delinquency issues. These attempts to rehabilitate the defendant failed and he matured into the adult system. The defendant is a young man with an impressive criminal history who continues to break the law as seen by the numerous pages of law enforcement contacts. PSR ¶¶ 38-60. Although some the offenses are minor in nature, the defendant has a history of running from the police, indicating he just has not learned the lesson not to flee. The defendant continues to engage in criminal behavior and that behavior is escalating in severity, as evidenced by his situation now. He is a dangerous criminal who possessed a firearm. If the defendant continues along the current criminal path he is on, he will re-enter the correctional system over and over again, increasing his level of criminality and becoming a greater threat to himself and others. It should be noted that the defendant has an extensive record of dismissed offenses and tribal court convictions which do not count toward his criminal history. This sentence will put the defendant in the highest criminal history category, category VI, and he is not yet thirty years old!

The defendant dropped out of an alternative high school in the ninth grade.  PSR ¶ 108.  He did obtain a GED with average grades.   PSR ¶ 109.  He then attended a local college in Virginia, MN,  PSR ¶ 110, where he earned average grades.  Id.  The defendant possesses the intelligence to complete educational programming therefore, he needs to commit to completing educational programming rather than dropping out when things don't go his way.

The second important sentencing factor is the defendant's criminal history.  The defendant was admitted to Essentia Health for a heroin overdose,  PSR ¶ 73, where he was revived with Narcan.  Id.  As the emergency room staff was treating the defendant they found a handgun in his waistband.  Id.  This defendant has serious drug issues as well as dangerous criminal behavioral issues.  He is selling and using drugs.  PSR ¶¶ 105-107.  There have been previous unsuccessful attempts at drug treatment as a juvenile.  PSR ¶ 107.  This defendant needs drug treatment as his drug usage is tied directly to his criminal behavior.  He must lead a sober life or he will continue on this destructive criminal path and repeatedly end up in prison.

Dated:  November 13, 2017						Respectfully Submitted,

									GREGORY G. BROOKER
									Acting United States Attorney


									*s/ Clifford B. Wardlaw*
									BY:  CLIFFORD B. WARDLAW
									Assistant U.S. Attorney
									Attorney ID No. 183908